[No. 13642. Department Two. December 26, 1916.]

DU PONT DE NEMOURS POWDER COMPANY, *Appellant*, v. WILLIAM VIRGES, *as Trustee, Respondent*, v. NATIONAL REALTY COMPANY *et al., Defendants.*[1]

MORTGAGES—FORECLOSURE—SUCCESSIVE SALES—STATUTES. It is not necessary to order successive sales when different mortgages are foreclosed in one suit, where the statute, Rem. Code, § 1118, providing that the court shall order the mortgaged property sold to satisfy the mortgage and costs of action, does not require separate sales.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered February 15, 1916, upon findings in favor of the defendant mortgagee, in an action to foreclose a mortgage, tried to the court. Affirmed.

*Daniel B. Trefethen*, for appellant.

*Burkey, O'Brien & Burkey*, for respondent.

MOUNT, J.—This appeal is from a judgment in foreclosure. The appellant insists that the trial court erred in refusing an order directing more than one sale of the mort-

[1]Reported in 161 Pac. 833.

gaged property.   The facts are not disputed, and are briefly stated as follows:

The defendant, National Realty Company, executed three mortgages upon two lots in the city of Tacoma.   The first mortgage was in favor of The Metropolitan Life Insurance Company for the sum of $375,000; the second mortgage was in favor of the respondent, William Virges, in the sum of $20,000; and the third mortgage to the appellant, DuPont Powder Company, for $95,000.   This action was brought by the DuPont Powder Company to foreclose its mortgage.

William Virges, and other parties whose liens were alleged to be subsequent in time to the plaintiff, were made parties to the action.   Virges answered by cross-complaint, alleging that his mortgage was prior to that of the plaintiff, and prayed for foreclosure.   The Metropolitan Life Insurance Company, holding the first mortgage, was not a party to the action.   Upon a trial of the issues, the court found that the Virges mortgage was prior to the plaintiff's mortgage, and entered a decree finding the amount due upon the Virges mortgage, the amount due upon the plaintiff's mortgage, and directed a sale of the mortgaged property to satisfy these mortgages; that the proceeds of the sale should be applied, first, to the payment of the costs and expenses of the receivership; second, to the payment of the amount found due to the cross-complainant, William Virges; and third, the balance to be applied to the amount due to the plaintiff.   The court refused to order the property sold, first, to satisfy the Virges judgment, and thereafter again sold upon the judgment in favor of the plaintiff.   This appeal is from that order.

The appellant contends that there should have been successive sales of the property, in order that the right of redemption of the subsequent creditor might be enforced.   It is not claimed by the appellant that there is a statute authorizing the trial court to order successive sales of property where there are successive mortgages.   The statute, Rem. Code, § 1118, provides that, in rendering judgments, the court shall

order the mortgaged premises, or so much as may be necessary, sold to satisfy the mortgage and costs of the action.    It is probably correct to say that, where successive mortgages are foreclosed in separate suits, separate sales may be made, but where different mortgages are foreclosed in one suit, it is clearly not necessary that the court should make an order of successive sales.    The prior mortgage has a prior right, and must be satisfied before subsequent mortgages may participate in the fruits of the sale.    It is unnecessary to determine at this time the rights of the redemptioners.    If a statutory right of redemption exists in favor of subsequent lienors, where a sale has been had of the mortgaged property, then the parties may protect themselves by such redemption.    The record in this case does not disclose that there has been any offer of redemption, and, of course, that question is not before us upon this appeal.    The trial court, not being required by statute to order successive sales upon a judgment of foreclosure, does not commit error when it refuses to make such an order.

For that reason, the judgment must be affirmed.

MORRIS, C. J., HOLCOMB, PARKER, and FULLERTON, JJ., concur.